IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GREGORY KELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:25-cv-515-ECM-SMD |
| ) | |
| ALABAMA DEPARTMENT OF ) | |
| TRANSPORTATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On July 11, 2025, pro se plaintiff Gregory Kelly ("Kelly"), a vexatious litigant,[1] filed a forty-one-page complaint against six Defendants—Alabama Department of Transportation, John Cooper, Alabama Department of State Personnel, Laury B. Morgan, the State of Alabama, and Kay Ivey—alleging twenty-six claims including constitutional violations, federal statutory violations, and multiple violations of various state laws. Compl. (Doc. 1) p. 2.

On May 21, 2025, the Court, "as a consequence of Kelly's vexatious filing of shotgun pleadings," declared Kelly a vexatious litigant and ordered that, "in the event Kelly files a shotgun pleading in the future, after appropriate review, the Court will summarily dismiss the pleading and action without prejudice." *Kelly v. Montgomery Water Works & Sanitary Sewer Bd.*, 2:24-cv-348-RAH-JTA, Order (Doc. 52) p. 2 (M.D. Ala. May 21,

---

[1] *See Kelly v. Montgomery Water Works & Sanitary Sewer Bd.*, 2:24-cv-348-RAH-JTA, Order (Doc. 52) (M.D. Ala. May 21, 2025).

2025). As such, should the Court determine that Kelly's filing in this case is a shotgun pleading, it is subject to summary dismissal.

Upon review of the complaint, the undersigned finds that it is a nonsensical shotgun pleading for the reasons stated in prior orders dismissing Kelly's complaints.[2] Therefore, in accordance with the Court's prior order, it is the

RECOMMENDATION of the undersigned Chief United States Magistrate Judge that Kelly's complaint be summarily DISMISSED without prejudice. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before August 4, 2025**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-

---

[2] *See, e.g., Kelly v. Montgomery Hous. Auth.*, 2:24-cv-166-MHT-JTA (dismissed under FRCP 41(b) for failure to comply with the Federal Rules of Civil Procedure and this Court's orders); *Kelly v. Montgomery Real Est. Buyers, LLC*, 2:24-cv-297-RAH-KFP (dismissed under Rule 12); *Kelly v. Ala. Dep't of Rehab. Servs.*, 2:24-cv-343-ECM-SMD (dismissed as a shotgun pleading); *Kelly v. Montgomery Water Works & Sanitary Sewer Bd.*, 2:24-cv-348-RAH-JTA (dismissed under Rule 8); *Kelly v. Montgomery Cnty. & City Bd.*, 2:24-cv-362-ECM-KFP (dismissed under Rule 8); *Kelly v. Elite Roofing, LLC*, 2:24-cv-388-MHT-JTA (dismissed for failure to comply with federal pleading standard); *Kelly v. Ala. Alcohol Control Bd.*, 2:24-cv-575-ECM-CWB (dismissed for failing to follow court orders and as a shotgun pleading); *Kelly v. Max Fed. Credit Union*, 2:25-cv-363-RAH-SMD (dismissed as a shotgun pleading).

1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 21st day of July, 2025.

 

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE